UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X

DONNA JANSON,

                                Plaintiff,

-against-

SIEMENS CORPORATION, THE SIEMENS
CORPORATION LONG TERM DISABILITY PLAN
and METROPOLITAN LIFE INSURANCE
COMPANY,

                                Defendants.
-------------------------------------------------------------------X

10 CIV 04423 (MGC)

**ANSWER TO FIRST**
**AMENDED COMPLAINT**

DOCUMENT
ELECTRONICALLY FILED

Defendants, METROPOLITAN LIFE INSURANCE COMPANY ("MetLife") and THE

SIEMENS CORPORATION LONG TERM DISABILITY PLAN( the "Plan"), by its attorneys,

Sedgwick, Detert, Moran & Arnold LLP, as and for its Answer to plaintiff's First Amended Complaint,

respectfully sets forth the following upon information and belief:

**FIRST CAUSE OF ACTION AGAINST THE PLAN AND METLIFE:**
**IMPROPER DENIAL OF OWN OCCUPATION DISABILITY CLAIM**
**PLAINTIFF'S ENTITLEMENT TO OWN OCCUPATION BENEFITS**

FIRST:      Deny knowledge or information sufficient to form a belief as to the truth of each

and every allegation contained in paragraph "1" of plaintiff's First Amended Complaint as alleged and

respectfully refer all questions of law to the Honorable Court.

SECOND:     Admit that this Court has federal question jurisdiction over plaintiff's claims for

benefits pursuant to ERISA §502(a)(1)(B), 29 U.S.C. §1132(a)(1)(B) and ERISA §502(e)(1), 29 U.S.C.

§1132(e)(1), and deny each and every remaining allegation in paragraph "2" of plaintiff's First

Amended Complaint, and respectfully refer all questions of law to the Honorable Court.

NY/590266v2

THIRD:        Deny each and every allegation contained in paragraph "3" of plaintiff's First Amended Complaint as alleged, and respectfully refers all questions of law to the Honorable Court except admits that this Court has federal question jurisdiction over this matter pursuant to 29 U.S.C. § 1132(e)(1) and 1132(f) and further admit that venue is proper in the Southern District of New York pursuant to 29 U.S.C. § 1132(e)(2) and 28 U.S.C. 1391, and that MetLife has its principal place of business in New York, and specifically deny that MetLife breached any fiduciary duty in its administration of the Plan.

FOURTH:      Deny knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in paragraph "4" of plaintiff's Amended Complaint

FIFTH:        Deny each and every allegation contained in paragraph "5" of plaintiff's Amended Complaint as alleged and respectfully refer all questions of law to the Honorable Court except admit that MetLife is a New York corporation with a principal place of business in, New York, New York and further admit that MetLife is and was engaged in the business of insurance throughout the United States and within the State of New York.

SIXTH:        Deny knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in paragraph "6" of plaintiff's First Amended Complaint.

SEVENTH:    Deny each and every allegation contained in paragraph "7" of plaintiff's First Amended Complaint and respectfully refer all questions of law to the Honorable Court, except admit that the Plan constituted an "employee welfare benefit plan" as defined by 29 U.S.C § 1002(1).

EIGHTH:      Admit the truth of each and every allegation contained in paragraph "8" of plaintiff's First Amended Complaint.

NINTH:      Admit the truth of each and every allegation contained in paragraph "9" of plaintiff's First Amended Complaint.

TENTH:      Deny each and every allegation contained in paragraph "10" of plaintiff's First Amended Complaint as alleged and respectfully refer to the Plan documents for the contents thereof as to the terms, conditions, limitations and exclusions set forth therein, except admit that MetLife issued a group policy of insurance to fund benefits under the Plan and that MetLife acted as the claim administrator under the Plan.

ELEVENTH: Deny each and every allegation contained in paragraph "11" of plaintiff's First Amended Complaint as alleged and respectfully refer to the Plan documents for the contents thereof as to the terms, conditions, limitations and exclusions set forth therein and to the administrative record pertaining to plaintiff's LTD claim kept and maintained by MetLife in the regular course of its business for the contents thereof as to the acts and circumstances recorded therein.

TWELFTH:   Admit the truth of each and every allegation contained in paragraph "12" of plaintiff's First Amended Complaint.

THIRTEENTH:      Deny each and every allegation contained in paragraph "13" of plaintiff's First Amended Complaint as alleged and respectfully refer to the administrative record pertaining to plaintiff's LTD claim kept and maintained by MetLife in the regular course of its business for the contents thereof as to the acts and circumstances recorded therein.

FOURTEENTH:      Deny each and every allegation contained in paragraph "14" of plaintiff's First Amended Complaint as alleged and respectfully refer to the administrative record pertaining to plaintiff's LTD claim kept and maintained by MetLife in the regular course of its business for the contents thereof as to the acts and circumstances recorded therein.

FIFTEENTH:        Deny each and every allegation contained in paragraph "15" of plaintiff's First Amended Complaint as alleged and respectfully refer to the administrative record pertaining to plaintiff's LTD claim kept and maintained by MetLife in the regular course of its business for the contents thereof as to the acts and circumstances recorded therein, except admit that MetLife awarded the plaintiff STD benefits by letter dated September 22, 2006.

SIXTEENTH:        Deny each and every allegation contained in paragraph "16" of plaintiff's First Amended Complaint as alleged and respectfully refer to the administrative record pertaining to plaintiff's LTD claim kept and maintained by MetLife in the regular course of its business for the contents thereof as to the acts and circumstances recorded therein, except admit that MetLife awarded the plaintiff STD benefits until March 19, 2007.

SEVENTEENTH:     Deny each and every allegation contained in paragraph "17" of plaintiff's First Amended Complaint as alleged and respectfully refer to the administrative record pertaining to plaintiff's LTD claim kept and maintained by MetLife in the regular course of its business for the contents thereof as to the acts and circumstances recorded therein.

EIGHTEENTH:      Deny knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in paragraph "18" of plaintiff's First Amended Complaint.

NINETEENTH:      Deny each and every allegation contained in paragraph "19" of plaintiff's First Amended Complaint as alleged and respectfully refer to the Plan documents for the contents thereof as to the terms, conditions, limitations and exclusions set forth therein.

TWENTIETH:       Deny each and every allegation contained in paragraph "20" of plaintiff's First Amended Complaint as alleged and respectfully refer to the Plan documents for the contents thereof as to the terms, conditions, limitations and exclusions set forth therein.

TWENTY-FIRST:   Deny each and every allegation contained in paragraph "21" of plaintiff's First Amended Complaint as alleged and respectfully refer to the administrative record pertaining to plaintiff's LTD claim kept and maintained by MetLife in the regular course of its business for the contents thereof as to the acts and circumstances recorded therein.

TWENTY-SECOND:   Deny each and every allegation contained in paragraph "22" of plaintiff's First Amended Complaint as alleged and respectfully refer to the administrative record pertaining to plaintiff's LTD claim kept and maintained by MetLife in the regular course of its business for the contents thereof as to the acts and circumstances recorded therein.

TWENTY-THIRD:   Admit the truth of each and every allegation contained in paragraph "23" of plaintiff's First Amended Complaint.

TWENTY-FOURTH:   Deny each and every allegation contained in paragraph "24" of plaintiff's First Amended Complaint as alleged and respectfully refer to the administrative record pertaining to plaintiff's LTD claim kept and maintained by MetLife in the regular course of its business for the contents thereof as to the acts and circumstances recorded therein, except admit that MetLife received the plaintiff's letter, dated May 22, 2007, appealing MetLife's original determination regarding plaintiff's claim for LTD benefits, and the documentation enclosed with the letter.

TWENTY-FIFTH:   Deny each and every allegation contained in paragraph "25" of plaintiff's First Amended Complaint as alleged and respectfully refer to the administrative record pertaining to plaintiff's LTD claim kept and maintained by MetLife in the regular course of its business for the contents thereof as to the acts and circumstances recorded therein, except admit that MetLife issued a letter dated August 10,2007 regarding the plaintiff's claim for LTD benefits, in which it upheld its original determination of the plaintiff's claim.

TWENTY-SIXTH:  Admit the truth of each and every allegation contained in paragraph "26" of plaintiff's First Amended Complaint.

TWENTY-SEVENTH:  Deny each and every allegation contained in paragraph "27" of plaintiff's First Amended Complaint.

TWENTY-EIGHTH:  Deny each and every allegation contained in paragraph "28" of plaintiff's First Amended Complaint.

TWENTY-NINTH:  Deny each and every allegation contained in paragraph "29" of plaintiff's First Amended Complaint as alleged and respectfully refer to the administrative record pertaining to plaintiff's LTD claim kept and maintained by MetLife in the regular course of its business for the contents thereof as to the acts and circumstances recorded therein.

THIRTIETH:  Deny each and every allegation contained in paragraph "30" of plaintiff's First Amended Complaint as alleged and respectfully refer to the administrative record pertaining to plaintiff's LTD claim kept and maintained by MetLife in the regular course of its business for the contents thereof as to the acts and circumstances recorded therein.

THIRTY-FIRST:  Deny each and every allegation, including the seven sub-points, contained in paragraph "31" of plaintiff's First Amended Complaint.

THIRTY-SECOND:  Deny each and every allegation contained in paragraph "32" of plaintiff's First Amended Complaint.

**SECOND CAUSE OF ACTION AGAINST THE PLAN AND METLIFE**
**DENIAL OF FULL AND FAIR REVIEW**
**DENIAL OF OPPORTUNITY TO CLAIM ONGOING BENEFITS**
**PLAINTIFF'S ENTITLEMENT TO REMAND**

THIRTY-THIRD:     In response to paragraph "33" of plaintiff's First Amended Complaint, these answering defendants repeat, reiterate and reallege each and every response to the allegations contained in paragraphs "1" through "32," inclusive, with the same force and effect as if more fully set forth at length herein.

THIRTY-FOURTH:     Deny each and every allegation contained in paragraph "34" of plaintiff's First Amended Complaint, and respectfully refer to the administrative record pertaining to plaintiff's LTD claim kept and maintained by MetLife in the regular course of its business for the contents thereof as to the acts and circumstances recorded therein, and refer all questions of law to the Honorable Court.

THIRTY-FIFTH:     Deny each and every allegation contained in paragraph "35" of plaintiff's First Amended Complaint, respectfully refer to the administrative record pertaining to plaintiff's LTD claim kept and maintained by MetLife in the regular course of its business for the contents thereof as to the acts and circumstances recorded therein, and refer all questions of law to the Honorable Court.

THIRTY-SIXTH:     Deny each and every allegation contained in paragraph "36" of plaintiff's First Amended Complaint, respectfully refer to the administrative record pertaining to plaintiff's LTD claim kept and maintained by MetLife in the regular course of its business for the contents thereof as to the acts and circumstances recorded therein, and refer all questions of law to the Honorable Court.

THIRTY-SEVENTH:     Deny each and every allegation contained in paragraph "37" of plaintiff's First Amended Complaint.

THIRTY-EIGHTH:    Deny each and every allegation contained in paragraph "38" of plaintiff's First Amended Complaint, and respectfully refer all questions of law to the Honorable Court.

THIRTY-NINTH:    Deny each and every allegation contained in paragraph "39" of plaintiff's First Amended Complaint, and respectfully refer all questions of law to the Honorable Court.

## AS AND FOR A FIRST AFFIRMATIVE DEFENSE

FORTIETH:         This action and each purported claim asserted therein fails to state facts sufficient to constitute a cognizable claim for relief against MetLife and the Plan.

## AS AND FOR A SECOND AFFIRMATIVE DEFENSE

FORTY-FIRST:      The claims for which plaintiff seeks recovery are not payable under the terms of the LTD Plan in effect during the time period of the pertinent allegations in the Amended Complaint.

## AS AND FOR A THIRD AFFIRMATIVE DEFENSE

FORTY-SECOND:    MetLife acted reasonably and in good faith at all times material herein based on relevant facts and circumstances known by it at the time it so acted and pursuant to the Plan. Accordingly, plaintiff is barred from recovery for her claims in this action.

## AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

FORTY-THIRD:      All actions about which plaintiff complains were either required or permitted by applicable law.

## AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

FORTY-FOURTH:    MetLife's decision-making was not arbitrary or capricious and therefore, the Court cannot disturb its determination concerning plaintiff's claims.

## AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

FORTY-FIFTH:       Plaintiff has not properly pled a claim for attorneys' fees under ERISA.

## AS AND FOR AN SEVENTH AFFIRMATIVE DEFENSE

FORTY-SIXTH:       Defendant MetLife as claim fiduciary for the Plan, is granted complete authority to review all denied claims for benefits under the Plan and discretionary authority to determine: whether and to what extent participants are entitled to benefits; and to construe the terms of the Plan; and MetLife is deemed to have properly exercised this authority unless it abuses its discretion by acting arbitrarily and capriciously.  Defendant MetLife's decision making was not arbitrary or capricious and therefore, the Court cannot disturb MetLife's determination concerning plaintiff's claim.

## AS AND FOR A EIGHTH AFFIRMATIVE DEFENSE

FORTY-SEVENTH:  To the extent (and without admitting that) the plaintiff was entitled to benefits under the terms of the Plan as of the date MetLife determined she was not entitled to benefits, such entitlement does not mean that the plaintiff has an entitlement to unlimited future benefits after that date given, inter alia, the possibility for future recovery from any disabling conditions (the existence of which is denied), as well as the effect of different Plan requirements, exclusions and/or limitations.

## AS AND FOR A NINTH AFFIRMATIVE DEFENSE

FORTY-EIGHTH:    Plaintiff's recovery, if any, is limited by the terms, conditions, limitations, exclusions, and other provisions of the Plan.

**AS AND FOR A TENTH AFFIRMATIVE DEFENSE**

FORTY-NINTH:      The claims and remedies sought by plaintiff are limited solely to those

provided under ERISA, and all remedies and claims made by plaintiff not provided for under ERISA are

preempted.

**AS AND FOR A ELEVENTH AFFIRMATIVE DEFENSE**

FIFTIETH:      The Court's review of plaintiff's claim against these answering defendants is

limited to the correspondence, notes and documents contained in the administrative record kept and

maintained by MetLife in the regular course of its business.

**AS AND FOR A TWELFTH AFFIRMATIVE DEFENSE**

FIFTY-FIRST:      These answering defendants are not the Plan Administrator for the Plan

and therefore have no statutory obligation to provide copies of Plan documents to plaintiff.

**AS AND FOR A THIRTEENTH AFFIRMATIVE DEFENSE**

FIFTY-SECOND:      This action and each purported claim asserted therein are barred by the

expiration of the limitations period set forth in the Plan.

**AS AND FOR A FOURTEENTH AFFIRMATIVE DEFENSE**

FIFTY THIRD:      Plaintiff's claims for legal, consequential and compensatory damages are

completely preempted by ERISA.

**AS AND FOR A FIFTEENTH AFFIRMATIVE DEFENSE**

FIFTY-FOURTH:      Any findings by the Social Security Administration with respect to

plaintiff's claim for Social Security disability benefits are neither determinative nor binding with respect

to MetLife's evaluation of plaintiff's claim for Long Term Disability benefits under the applicable Plan

documents.

## AS AND FOR A SIXTEENTH AFFIRMATIVE DEFENSE

FIFTY-FIFTH: If Plaintiff is entitled to any payment of benefits, which these answering defendants deny, such payment must be reduced and offset by any other income benefits or set-offs as defined in the applicable Plan documents and instruments, that were or may be payable to her.

## AS AND FOR A SEVENTEENTH AFFIRMATIVE DEFENSE

FIFTY-SIXTH:        To the extent a response is required, these answering defendants deny all allegations set forth in the subheadings and wherefore clause to plaintiff's First Amended Complaint.

## AS AND FOR A EIGHTEENTH AFFIRMATIVE DEFENSE

FIFTY-SEVENTH:   The plaintiff executed a written release of any claims for LTD benefits as against MetLife and the Plan pursuant to the "General Release and Settlement Agreement" signed by her on December 11, 2007, and consequently, this action, and each claim asserted therein, is subject to dismissal with prejudice.

**WHEREFORE**, defendants MetLife and the Plan pray:

1.   That the action be dismissed, or that judgment be entered in favor of defendants, MetLife and the Plan and against plaintiff;

2.   That defendants, MetLife and the Plan be awarded costs of suit incurred herein;

3.   That defendants, MetLife and the Plan be awarded reasonable attorney's fees; and

4.   That defendants, MetLife and the Plan be awarded such other and further relief as the Court may deem just and proper.


Dated:   New York, New York
         August 5, 2010

                         Respectfully Submitted,

                         s/
                         _____
                         MICHAEL H. BERNSTEIN  (MB-0579)
                         SEDGWICK, DETERT, MORAN & ARNOLD LLP
                         *Attorneys for Defendants*
                         *METROPOLITAN LIFE INSURANCE COMPANY and*
                         *THE SIEMENS CORPORATION LONG TERM DISABILITY*
                         *PLAN*
                         125 Broad Street, 39th Floor
                         New York, New York 10004
                         Tel.:  (212) 422-0202
                         Fax:  (212) 422-0925
                         **[SDMA File No. 00584-07637]**


TO:

Mark Scherzer, Esq.(Ms-2622)
7 Dey Street, Suite 600
New York, New York 10007
Tel.:  (212) 406-9606
*Attorneys for Plaintiff*

McGuire Woods, LLP
1345 Avenue of the Americas, 7th Floor
New York, New York 100105-0106
*Attorneys for Defendant – Siemens Corporation*

## CERTIFICATE OF SERVICE

I, Michael H. Bernstein, hereby certify and affirm that a true and correct copy of the attached **ANSWER TO FIRST AMENDED COMPLAINT (on behalf of defendant Metropolitan Life Insurance Company and The Siemens Corporation Long Term Disability Plan)** was served by **ECF and Regular Mail** on August 5, 2010, upon the following:

Mark Scherzer, Esq.(Ms-2622)
7 Dey Street, Suite 600
New York, New York 10007
Tel.:  (212) 406-9606
*Attorneys for Plaintiff*

McGuire Woods, LLP
1345 Avenue of the Americas, 7th Floor
New York, New York 100105-0106
Tel.:(212) 548-2100
Fax.:(212) 548 2150
*Attorneys for Defendant – Siemens Corporation*

Dated:  New York, New York
       August 5, 2010

s/ _____
MICHAEL H. BERNSTEIN (MB-0579)